IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,505-01






EX PARTE JOEY DON RUCINSKI, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 052728-A IN THE 336TH DISTRICT COURT


FROM GRAYSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to fifteen (15) years' imprisonment. No direct appeal was taken.

 Applicant contends that his plea was involuntary because he was told that his sentence in this
case would run concurrent with charges in Oklahoma. In compliance with this Court's remand
order, the trial court has supplemented the record and entered findings, including a finding that the
language in the judgment, "credit for all time served on all Texas and Oklahoma convictions,"
indicates the "parties' agreement that the defendant would get time served for any time served on
the Texas charges for which he was later convicted and credit for time served in Oklahoma since
being arrested there, even if a detainer had not yet been placed on the defendant at the time of his
conviction and incarceration in Oklahoma." The trial court also finds that Applicant "shall receive
credit for time served on this sentence, not only for the time a detainer or hold was in place, but for
all time spent in custody in Oklahoma on the charges pending at the time of the guilty plea." These
findings suggest that, to give effect to the parties' agreement, a judgment nunc pro tunc will be
entered, or other corrective action will be taken, to award additional jail time credit for the time
Applicant was in custody in Oklahoma. The supplemental record does not include a copy of a 
judgment nunc pro tunc or documentation of other corrective action.

 It is important that we note that Applicant's claim here is cognizable because it
involves an involuntary plea claim. The trial court shall have the district clerk supplement
the habeas record with a copy of a judgment nunc pro tunc or documentation of other
corrective action, or shall provide a response by stating why corrective action is not appropriate
in this case. This application will be held in abeyance pending the trial court's compliance with
this order. A supplemental transcript shall be returned to this Court within 30 days of the
date of this order. If any continuances are granted, a copy of the order granting the continuance
shall be sent to this Court. Any extensions of time shall be obtained from this Court.




Filed: January 10, 2007


Do not publish